UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
LOUIS FLORES,

        Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
JUSTICE,

        Defendants.
----------------------------------------------------------------------------X

**ORDER**
15-CV-2627 (JMA) (RLM)

**FILED**
**CLERK**

10:45 am, Jan 19, 2017

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court are objections submitted by pro se plaintiff Louis Flores to Magistrate Judge Mann's Report recommending that the Court grant defendant's motion for summary judgment and deny plaintiff's cross-motion for summary judgment and cross-motion for sanctions and penalties. Plaintiff timely objected to the Report.[1] Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Mann's Report and Recommendation in its entirety.

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the Report to which there is no specific reasoned objection are

---

[1] Plaintiff's 39-page objection violates the 25-page limit for objections set out in the Court's individual rules. Plaintiff did not request permission to exceed this page limit. Although the Court could have simply struck the final 14 pages of plaintiff's objection, the Court has considered all of plaintiff's arguments in light of his pro se status.

1

reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court has considered all of plaintiff's objections and, and after conducting a de novo review of the record, affirms and adopts Judge Mann's thorough and well-reasoned Report in its entirety as the opinion of the Court.² To the extent that plaintiff raises arguments in his objections that were not explicitly addressed in Judge Mann's Report, those objections are meritless for, inter alia, the reasons stated in the government's response to plaintiff's objections.

Accordingly, the Court grants defendant's motion for summary judgment and denies plaintiff's cross-motion for summary judgment and cross-motion for sanctions and penalties.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated:  January 18, 2017
Central Islip, New York

                                                                  /s/     JMA
                                                            JOAN M. AZRACK
                                                            UNITED STATES DISTRICT JUDGE

---

² Plaintiff has requested that the Court "vacate the reference" of this case to Judge Mann so that the Court can review the motions de novo.  This request is denied.  In any event, de novo review is the appropriate standard of review when a party objects to a Report and Recommendation concerning dispositive motions.